IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER ALCALA, | No. C 09-5837 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND THE COMPLAINT** |
| v. | |
| CALIFORNIA DEPARTMENT OF TRANSPORTATION, *et al.*, | |
| Defendants. / | |

Defendants' motion to dismiss the complaint is scheduled for a hearing on July 30, 2010. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. The Court also VACATES the case management conference scheduled for 2:30 pm on July 30, 2010. For the reasons set forth below, the Court GRANTS defendants' motion to dismiss and GRANTS plaintiff leave to amend the complaint. As discussed below, if plaintiff chooses not to file an amended complaint in federal court, he may file a complaint in state court.

**BACKGROUND**

On April 13, 2010, plaintiff Javier Alcala filed a *pro se* complaint alleging two claims for employment discrimination against the California Department of Transportation and Randell Iwasaki, Director of the California Department of Transportation. Plaintiff alleges that he worked for the Department of Transportation beginning in 1999, and that the Department discriminated against him on account of his disabilities. Plaintiff alleges a claim under Title I of the Americans with Disabilities Act,

and a claim under California's Fair Employment and Housing Act. The amended complaint seeks damages for pain and suffering, medical and related expenses, lost income and other economic damages, and attorneys' fees.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where the plaintiff is pro se, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, a pro se plaintiff must still allege facts sufficient to allow a reviewing court to determine that a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**DISCUSSION**

Defendants have moved to dismiss the complaint on the ground that plaintiffs' claims are barred by the Eleventh Amendment. Unless a state has waived its Eleventh Amendment immunity, or Congress has expressly overridden it, a state cannot be sued directly in its own name in federal court, regardless of the relief sought. *See Alabama v. Pugh*, 438 U.S. 781 (1978). This Eleventh Amendment immunity extends to state agencies or departments, *Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752

(9th Cir. 2009), and to state officials sued in their official capacities, *see Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985). The California Department of Transportation is a state agency, and defendant Randell Iwasaki is sued in his official capacity as a state employee.

In *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356 (2001), the Supreme Court held that states enjoy Eleventh Amendment immunity from suits brought in federal court by individuals seeking money damages under Title I of the ADA. *Id*. at 370-71. The amended complaint seeks money damages under the ADA for employment discrimination, and thus plaintiff's claims are barred. Plaintiff's opposition asserts that he is bringing his claims under Title II of the ADA, not Title I. However, courts have held that employment discrimination claims arise under Title I of the ADA, not Title II. *See Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169, 1173-77 (9th Cir. 1999). The Eleventh Amendment does not bar a suit against a state official seeking purely injunctive relief, and not money damages. *See Garrett*, 531 U.S. at 374 n.9; *Ex Parte Young*, 209 U.S. 123 (1908). However, it does not appear from amended complaint that plaintiff is seeking any injunctive relief. Accordingly, the Court GRANTS defendants' motion to dismiss plaintiffs' claim under the ADA. If plaintiff wishes to amend the ADA claim to seek purely prospective injunctive relief in accordance with *Ex Parte Young*, he may do so.

Plaintiff's second claim under the Fair Employment and Housing Act is also barred by the Eleventh Amendment. In *Freeman v. Oakland Unified School District*, 179 F.3d 846 (9th Cir. 1999), the Ninth Circuit held that the Eleventh Amendment barred a plaintiff from bringing an employment discrimination claim under FEHA against a state agency in federal court. The court held that when a FEHA claim is brought in federal court against a state agency, the claim should be dismissed without prejudice to allow the plaintiff to refile the FEHA claim in state court. *Id*. at 847. Accordingly, the Court DISMISSES plaintiffs' FEHA claim WITHOUT PREJUDICE to plaintiff refiling this claim in state court.

In light of the above, it is unclear whether plaintiff will wish to pursue this case in this Court. In the event plaintiff does wish to pursue this case, the Court recommends that plaintiff seek assistance from the Northern District's Pro Se Help Desk (415.782.9000, extension 8657).

3

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss the amended complaint and GRANTS plaintiff leave to amend. (Docket No. 12). If plaintiff wishes to amend the complaint, he must do so no later than **August 20, 2010**.

**IT IS SO ORDERED.**

Dated: July 26, 2010

SUSAN ILLSTON
United States District Judge